UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DEBRA HOOD, as Administratrix** } | |
| of the Estate of Phillip C. } | |
| **McMullins,** } | |
| } | |
| Plaintiff, } | |
| } | **CASE NO. 4:11-mc-0331-SLB** |
| v. } | |
| } | |
| **Neal Sparks, Town of Crossville,** } | |
| **City of Collinsville,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on petitioner Debra Hood's Motion to Conduct Rule 27 Pre-Suit Discovery, (Doc. 1),[1] and Motion to Expedite, (Doc. 2). In the Motion to Conduct Rule 27 Pre-Suit Discovery, Hood seeks authorization to conduct pre-suit discovery on events surrounding the death of her son, Phillip "Cody" McMullins. In the Motion to Expedite, Hood states that the statutory periods for the claims she intends to bring expire on May 30, 2011. For the reasons discussed below, the court finds that both Motions, (Docs. 1 & 2), are due to be denied.

Under Rule 27(a), a person "who wants to perpetuate testimony about any matter cognizable in a United States court" may file a petition asking for an order authorizing the petitioner to take depositions prior to filing a complaint. Fed. R. Civ. P. 27(a). The Rule

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

requires the petitioner to show:

>   (a)  that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
>   (b)  the subject matter of the expected action and the petitioner's interest;
>
>   (c)  the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
>   (d)  the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>   (e)  the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). According to the Motions, Hood's son died as a result of a police chase that began after he passed through a license checkpoint and failed to stop. She states that "a short pursuit ensued resulting in a collision wherein the vehicle Cody was traveling struck a tree and ultimately came to rest against a concrete culvert. Shortly thereafter, Cody was pronounced deceased." (Doc. 1 ¶ 4.) Hood states that, as Administratrix of the Estate of Mr. McMullins, she expects to be a party to an action which cannot currently be initiated because "additional information is necessary." (*Id.* ¶ 8(a).) Hood intends to bring suit under 42 U.S.C. § 1983 and state tort law against Neal Sparks, an alleged police officer for the City of Powell, Alabama; the Town of Crossville; the City of Crossville; an unnamed officer from the City of Collinsville; and an unnamed Sheriff's Deputy from Dekalb County. Hood "intends to establish that the respective officers failed to operate the subject license checkpoint pursuant to written guidelines, that Neal Sparks utilized the PIT Maneuver to stop

the vehicle drive[n] by Cody, and that the municipal defendants failed to properly supervise and train the individual defendants." (*Id.* ¶ 8(c).)

Hood requests the opportunity to depose the following individuals: Mike O'Dell, District Attorney for Dekalb County, regarding his knowledge of the license checkpoint, the collision between Neal Sparks's vehicle with her son's vehicle, and the facts surrounding the charge(s) arising out of the subject incident brought against Neal Sparks and presented to the Grand Jury; Peggy Wright, Clerk for the Town of Collinsville, regarding her knowledge of the operation of the license checkpoint and the officer involved in the checkpoint and pursuit; Debbie Bruce Stapleton, Clerk for the City of Crossville, regarding her knowledge of the operation of the license checkpoint, the involvement of Neal Sparks in the accident, and the reasons for Sparks's termination or resignation shortly after the accident; Alabama State Troopers Bryan Ray, Robert T. Evetts, and Ranger Wright, regarding their knowledge of the investigation of the accident; and Chris West, Chief of Police for the Town of Crossville, regarding his knowledge of the involvement of Neal Sparks in the subject accident, the reason(s) for the termination or resignation of Sparks shortly after the accident, the condition of the police cruiser after the accident, and information related to repairs performed on the police cruiser. (Doc. 1 pp. 4-5.) Hood also requests to issue subpoenas to the Alabama Department of Public Safety and Mike O'Dell for a complete copy of all files regarding the accident. (Doc. 1 ¶ 9.) As required by Rule 27, Hood provided the addresses of the parties she requests to depose.

In summary, Hood desires to conduct pre-suit discovery in order to uncover information surrounding the license checkpoint and the ensuing police chase that led to the death of her son. Hood has not presented evidence, nor argued, that any of the evidence she wishes to discover is in danger of being lost or destroyed. The question for the court is whether Rule 27 authorizes pre-suit discovery under these facts.

Rule 27(a)(1) provides that "[a] person who desires to *perpetuate* testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." (Emphasis added.) Subsection (a)(3) then provides that an order granting such a petition may be entered only "[i]f the court is satisfied that the *perpetuation* of the testimony may prevent a failure or delay of justice." (Emphasis added.) Accordingly, courts have held that where a petitioner requests the opportunity for pre-suit discovery in order to uncover information needed to file a complaint, the Rule 27 petition is due to be denied unless the petition shows either that the requested testimony is in danger of being lost or that there is some reason why the petitioner cannot yet file suit and the testimony therefore needs to be perpetuated during the delay. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985) (affirming trial court's denial of plaintiff's Rule 27(b) motion to depose witnesses pending appeal where the motion alleged only that plaintiff was concerned about the destruction of certain documents and that the witnesses were not "immune from the uncertainties of life (and death)," but otherwise made no attempt to show why the requested

testimony must be perpetuated);[2] *In re Application of Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981) ("Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show that the petitioner expects to be a party to an action which he is unable to bring or cause to be brought and that without the perpetuation of the testimony a failure or delay of justice will occur.");[3] *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975) ("Rule 27 applies only in that special category of cases where it is necessary to prevent testimony from being lost."); *In re Petition of Ford*, 170 F.R.D. 504 (M.D. Ala. 1997) (holding that petitioner was not entitled to pre-suit discovery under Rule 27 based solely on desire to ascertain facts necessary to file suit, rather than any need to preserve testimony that was in danger of being lost). *Cf. Penn. Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371 (D.C. Cir. 1995) (reversing district court's denial of Rule 27(a) motion in part because potential deponent's advanced age of 81 presented a significant risk that he would be unavailable to testify by the time of trial and the district court abused its discretion in not considering this fact as grounds for perpetuating his testimony); *In re Town of Amenia, NY*, 200 F.R.D. 200 (S.D.N.Y. 2001) (granting petition under Rule 27(a) where desired deponent was 77 years old, in ill health, and a source of highly valuable testimony for which there was no substitute

---

[2] Rule 27(b) governs petitions to take depositions to perpetuate testimony pending appeal. As in Rule 27(a), Rule 27(b) allows a court to issue an order authorizing the taking of depositions "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice."

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and the commencement of the suit would not be feasible for an indeterminate length of time).

*In re Petition of Ford* denied a petitioner's Rule 27 pre-suit discovery request in a procedural and factual context highly similar to the one presently before the court. In that case, petitioner Ford, as Administratrix of the Estate of her father, sought leave of court to conduct pre-suit discovery in an anticipated action surrounding the shooting death of her father by law enforcement officers. 170 F.R.D. at 505. The petitioner intended to bring an action under the Fourteenth Amendment, 42 U.S.C. § 1983, and § 1988, and requested to take the deposition of a sheriff who was the commanding officer of the deputies believed to be involved in the shooting of her father. *Id.* at 506. The petition stated that she needed to take the sheriff's deposition in order "to determine . . . the basic facts surrounding the death of Fred William Roberts [her father]." *Id.* In denying the petition, the court emphasized that Rule 27 extends only to the perpetuation of testimony, and that the petitioner sought to discover or uncover testimony, not to perpetuate it. *Id.* at 507. The court stated, "There is nothing before the court to indicate that Sheriff Franklin's testimony is in imminent danger of being lost. Rather, Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery." *Id.*

Hood has not shown a need to perpetuate the testimony of the potential deponents identified. Rather, it appears to the court that she desires to conduct discovery in order to investigate the facts surrounding the death of her son and to enable her to file a complaint, as in *Ford*. Hood has not met the requirements of Rule 27. As the *Ford* court stated:

6

> [W]ithout the discovery incident to litigation, Ford is without the means to uncover whether her father was a victim of foul play in violation of a clearly established federal right. Her predicament is a 'Catch 22.' Indeed, she must feel that, under the rules established by our civil justice system, a law enforcement officer can get away with murder. This court has no answer for her, however, other than that Rule 27 does not offer an avenue of relief.

*Id.* at 509.

"A person contemplating litigation has no absolute entitlement to early discovery under Rule 27." *In re Application of Eisenberg*, 654 F.2d at 1112. Hood has not shown that pre-suit discovery is necessary in order to prevent a failure or delay of justice. *See* Fed. R. Civ. P. 27(a)(3). Accordingly, Hood's Motion to Conduct Rule 27 Pre-Suit Discovery, (Doc. 1), and Motion to Expedite, (Doc. 2), are due to be denied. However, the court's refusal to permit discovery prior to the filing of a suit in this matter is temporary, as Hood is free to seek discovery once the anticipated action has been filed. *See In re Application of Eisenberg*, 654 F.2d at 1112.

**DONE**, this 6th day of May, 2011.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE